IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MICHAEL E. ROXBY,

      Plaintiff,

v.                                          Civil Action No. 5:12CV61
                                                   (STAMP)
NATIONWIDE MUTUAL INSURANCE COMPANY
and ALLY FINANCIAL, INC.,

      Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFF'S MOTION TO REMAND**

I. Procedural History

The plaintiff initially filed this civil action in the Circuit Court of Marshall County, West Virginia, for breach of contract and other state law claims against defendants Nationwide Mutual Insurance Company ("Nationwide")[1] and Ally Financial, Inc. ("Ally"). After Nationwide submitted its answer, the plaintiff filed an amended complaint. Nationwide filed an answer to the amended complaint and subsequently filed an amended answer to plaintiff's amended complaint.

Nationwide then removed this case to this Court citing jurisdiction based upon 28 U.S.C. §§ 1441 and 1332. Ally consented to this removal. Nationwide asserts that its motion for removal

---

[1] The original complaint named Nationwide Insurance Company of America as a defendant. An amended complaint was filed and granted, removing Nationwide Insurance Company of America as a party defendant and substituting Nationwide Mutual Insurance Company in its place.

was timely, that complete diversity exists as to all parties, and claims that, based on the pleadings, the matter in controversy exceeds the jurisdictional amount of $75,000.00, exclusive of interest and costs.

Following removal to this Court, plaintiff filed a motion to remand on the basis that defendants' notice of removal is untimely. Additionally, he contends that, although complete diversity exists, the defendants have failed to show that the requisite $75,000.00 jurisdictional amount is in controversy in this case. For the following reasons, this Court grants the plaintiff's motion to remand.

## II. Facts

Plaintiff's action originates from an automobile accident that resulted in property damage to his 2009 Pontiac Vibe. Plaintiff insured the car with Nationwide and Ally held a security interest in the vehicle. After plaintiff's submission of a claim to Nationwide following the accident, it was determined that the vehicle was a total loss. The amount of the loss settlement was $15,926.75.

Plaintiff alleges that at the time of the settlement, Ally was owed $13,798.85 to fulfill the remainder owed on the vehicle loan. Around November 28, 2011, Nationwide received a letter from Ally requesting that $15,426.75 be paid to it by Nationwide. The same day as the receipt of the letter, Nationwide paid Ally $15,426.75

and sent the remaining balance of $500.00 to the plaintiff. Plaintiff claims that he contacted Ally and was told that there was an overpayment of approximately $1,600.00 being held by Ally. He further alleges that Ally refused to forward the overpayment to the plaintiff. Plaintiff also avers that he demanded the balance of the settlement proceeds be paid by Nationwide but that Nationwide refused.

The plaintiff filed this civil action alleging the following damages as a direct and proximate result of the acts or omissions of Nationwide: "the balance of the settlement proceeds in the amount of $1,600; annoyance, inconvenience, aggravation; attorney fees and costs; consequential and incidental damages; punitive damages and all other damages allowed by law." ECF No. 3, Ex. 1. As to defendant Ally, plaintiff claims that he was damaged as follows: "the loss of his $1,600.00; net economic loss; attorney fees and costs; annoyance, aggravation and inconvenience, punitive damages and all other damages allowed by law." ECF No. 3, Ex. 1.

### III. Applicable Law

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. Federal courts have original jurisdiction over primarily two types of cases: (1) those involving federal questions under 28 U.S.C. § 1331 and (2) those involving citizens of different states where the

amount in controversy exceeds $75,000.00, exclusive of interests and costs pursuant to 28 U.S.C. § 1332(a). A corporation is deemed to be a citizen of every State in which it has been incorporated and where it has its principal place of business. 28 U.S.C. § 1332(c).

Further, 28 U.S.C. § 1446(a) provides that

> A defendant desiring to remove any civil action from a State court shall file in the district court of the United States . . . a notice of removal . . . containing a short and plain statement of the grounds for removal.

The notice of removal must be filed within thirty days after the receipt by the defendant of the initial pleading, unless the case stated by the initial pleading is not removable. 28 U.S.C. § 1446(b)(1). If it is not removable on the face of the initial pleading, a notice may be filed within thirty days after receipt of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable. 28 U.S.C. § 1446(b)(3).

The party seeking removal bears the burden of establishing federal jurisdiction. See Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). A defendant wishing to remove a case to federal court based on 28 U.S.C. § 1332, diversity of citizenship, must offer competent proof that the jurisdictional requirements are met; such proof must be met by a preponderance of the evidence. Asbury-Castro v. GlaxoSmithKline, Inc., 352 F. Supp. 2d 729 (N.D. W. Va. 2005); see also Virden v. Altria Group, Inc.,

304 F. Supp. 2d 832 (N.D. W. Va. 2004).  Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand.  Id.

If there is a specific amount set forth in the complaint that prays for relief of more than $75,000.00, then the court should find that the amount in controversy requirement has been met -- unless it is a legal certainty that the plaintiff cannot recover more than $75,000.00.  Scaralto v. Ferrel, 826 F. Supp. 2d 960, 962 (S.D. W. Va. 2011) (citing 14C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3725.1 (4th ed. 2009)).  In this district, when no specific amount of damages is set forth in the complaint, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum.  Id.  Additionally, where a plaintiff chooses to bring an action in state court there is a strong presumption that the plaintiff has not claimed the amount necessary to confer jurisdiction on a federal court.  St. Paul Mercury Indem. Co. v. Red Cab. Co., 303 U.S. 283, 291-92 (1938).

## IV.  Discussion

Diversity of citizenship is uncontested in this matter so the Court need not make a finding with regard to this fact.  The issues in dispute are whether defendants' motion to remove was timely and whether the jurisdictional amount was proven.  The Court will address these in turn.

5

A.   <u>Timeliness</u>

Plaintiff and defendants contest whether the removal to this Court was timely.  Regardless of the timeliness of the filing, the outcome remains the same based on the following discussion.  This Court assumes, without deciding, that removal was timely.

B.   <u>Jurisdictional Amount</u>

The jurisdictional amount is at issue in this case.  As stated above, this court has routinely and consistently held that when no specific amount of damages is set forth in the complaint, the defendant must prove the amount in controversy through a preponderance of the evidence.  <u>Mullins v. Harry's Mobile Homes, Inc.</u>, 861 F. Supp. 22, 23 (S.D. W. Va. 1994).  For the reasons stated below, this Court finds that the defendants did not satisfy their burden.

1.   <u>Attorney's Fees</u>

In his motion to remand, the plaintiff asserts that his amended complaint did not establish that the amount in controversy exceeds the minimum jurisdictional amount of $75,000.00, exclusive of interest and costs.  Even though plaintiff has asserted numerous causes of action seeking compensatory and punitive damages, along with attorney's fees, he does not place a monetary value on these actions.  He claims that there is no competent proof that the total of the damages would exceed $75,000.00 in light of the underlying loss of $1,600.00.

6

Defendants contend that, at the time of removal, there was sufficient evidence that the amount in controversy in this case exceeds $75,000.00 because the plaintiff admitted in response to discovery that he is entitled to receive more than the jurisdictional amount if such amount should be awarded to him. Defendants also cite to the opinion of the West Virginia Supreme Court of Appeals in <u>Hayseeds, Inc. v. State Farm Fire & Cas.</u>, 352 S.E.2d 73, 80 (W. Va. 1986), to support their contention that the plaintiff seeks more than the jurisdictional amount because they argue that this case holds that in the event of an outcome in plaintiff's favor, he may be entitled to recover up to one-third of the face value of his insurance policy in attorney's fees. <u>Hayseeds</u> held that whenever a policyholder substantially prevails in a suit for insurance coverage for property damage against its insurer, the insurer is liable for insured's reasonable attorney's fees, up to one-third of the face value of the insurance policy. <u>Id.</u>, <u>see also</u> <u>Marshall v. Saseen</u>, 450 S.E,2d 791, 797 (W. Va. 1994) (extending the <u>Hayseeds</u> ruling to include motorist coverage).

Defendants' argument is misplaced, however, because 28 U.S.C. § 1332(a) provides that the amount in controversy must exceed $75,000.00 <u>exclusive of costs</u>.  This Court previously held that although attorney's fees are not typically included in a calculation of whether the jurisdictional amount has been met, the trial court may consider attorney's fees as part of the amount in

7

controversy when the right to such fees is provided by contract or state statute. Any Occasion, LLC v. Florist' Transworld Discovery, Inc., No. 5:10CV44, 2010 WL 2472208 at *2 (N.D. W. Va. 2010) (citing 28 U.S.C. § 1332(a)).  A contractual provision or statute may transform attorney's fees into substantive rights to which litigants are entitled.  McGraw v. Discover Financial Services, Inc., No. 2:05-0215, 2005 WL 1785259 at *6 (S.D. W. Va. 2005) (citing Saval v. BL Ltd., 710 F.2d 1027, 1033 (4th Cir. 1983)). This is not applicable in the case at hand because no evidence has been provided that a contractual right to attorney's fees exists. Furthermore, the state statute referenced by the plaintiff, the West Virginia Unfair Trade Practices Act, W. Va. Code § 33-11-1, et seq., includes no provision granting the right to attorney's fees.

   2.   Stipulation

Defendants further maintain that the plaintiff's refusal to stipulate to an amount in controversy below $75,000.00 is evidence that the amount in controversy is actually above $75,000.00.  The defendants refer to this Court's ruling in Vaughan v. Dixon, No. 3:09-CV-50, 2009 WL 2913617 (N.D. W. Va. 2009), to support their contention.  In Vaughan, this district relied upon a ruling by the United States District Court for the Southern District of West Virginia that found such a refusal to stipulate to be evidence of an amount in controversy exceeding $75,000.00.  Id. (citing Patton v. Wal-Mart Stores, Inc., No. 5:05-0655, 2005 WL 2352298 (S.D. W.

Va. 2005)). However, two bases, with the totality of the evidence, were actually used in Patton, and subsequently Vaughan, to conclude that the jurisdictional amount had been met: (1) plaintiff would undergo future medical treatment; and (2) plaintiff refused to stipulate that damages will not exceed $75,000.00. Patton at *2; Vaughan at *4. Defendants further cite Workman v. Figueroa, No. 3:06-0648, 2006 WL 3359007 (S.D. W. Va. 2006), as evidence of the same proposition. In Workman, the court found that refusal to stipulate is also probative of the amount in controversy, but plaintiff in that case made a settlement demand well above the jurisdictional amount. Id.

However, this case is unlike the situations in any of the cases defendants cited. Although the plaintiff did not stipulate that his damages are less than $75,000.00, this case does not deal with unknown future damages and is about property damage, not medical costs. Furthermore, the plaintiff did not make a settlement demand well above the jurisdictional amount; defendants admit that the plaintiff made settlement demands of $50,000.00 and $16,500.00 from Nationwide and Ally, respectfully. Even combining these two amounts with the $1,600.00 plaintiff claims to be owed, the total is still below the jurisdictional requirement of $75,000.00 exclusive of interest and costs. Finally, this Court has previously held that while a plaintiff's willingness to sign a binding, pre-removal stipulation limiting damages may be probative

9

in showing a claim does not amount to the jurisdictional minimum, the refusal to sign such an agreement does not establish the requisite amount in controversy. Schambach v. Federal Ins. Co., No. 505 CV98, 2005 WL 3079108 (N.D. W. Va. 2005) (citing Gramc v. Millar Elevator Co., 3 F. Supp. 2d 1082, 1084 (E.D. Mo. 1998)).

After careful review of the record, this Court finds that the defendants have not established, through a preponderance of the evidence, that the jurisdictional amount is satisfied.

## V. Conclusion

For the foregoing reasons, the plaintiff's motion to remand (ECF No. 8) is hereby GRANTED. Accordingly, it is ORDERED that this case be REMANDED to the Circuit Court of Marshall County, West Virginia. It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court. The defendants' motion to compel (ECF No.31), filed July 3, 2012, is hereby DENIED WITHOUT PREJUDICE to refile in the state court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Clerk of the Circuit Court of Marshall County, West Virginia. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:        July 9, 2012


                                        /s/ Frederick P. Stamp, Jr.
                                        FREDERICK P. STAMP, JR.
                                        UNITED STATES DISTRICT JUDGE